**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| AMANDA MARIA ROBINSON | : | CASE NUMBER A09-78601-JEM |
| DEBTOR | : | JUDGE MASSEY |

### CHAPTER 13 TRUSTEE'S OBJECTION TO
### CONFIRMATION AND REQUEST FOR DISMISSAL OF CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current. 11 U.S.C. 1325(a)(6).

2.

The Debtor has failed to provide to the Trustee a copy of the last tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

3.

Debtor has failed to file tax returns with the tax authorities for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308 prior to filing of the bankruptcy case. (Debtor testified she was not required to file tax returns.)

4.

The Trustee requests further information on possible life insurance proceeds in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B). (Debtor testified that she may be the beneficiary of up to ten $10,000.00 life insurance policies of her deceased mother.)

5.

Debtor's Statement of Financial Affairs, question 2 is inaccurate and/or incomplete, in violation of 11 U.S.C. 521(1) and Bankruptcy Rule 1007(b)(1).

6.

The Chapter 13 Schedules reflect an exemption of an amount that exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 33-25-11.

7.

The Disclosure of Compensation of Attorney for Debtor filed in this Chapter 13 bankruptcy case, improperly limits the representation of the Debtor, in violation of 11 U.S.C. Section 329(a) and Bankruptcy Rule 2016(b) and of the Rights and Responsibilities Statement between Chapter 13 Debtors and their Attorneys issued in General Order No. 9.

8.

The Chapter 13 plan proposes to pay $3,900.00 to the Debtor's attorney for payment of attorney fees. Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

Respectfully submitted,

/s/
Bobana Breen
Attorney for Chapter 13 Trustee
State Bar Number 141346

*/scw*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served:

Debtor:
Amanda Maria Robinson
2739 Old Know Drive, NW
Atlanta, GA 30318

Attorney for Debtor:
Robert J. Semrad & Associates
191 Peachtree Street, NE
Suite 3210
Atlanta, GA 30303

with a copy of the foregoing Trustee's Objection by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

THIS THE 21st day of August, 2009

/s/
Bobana Breen, Attorney for Chapter 13 Trustee
State Bar Number 141346
303 Peachtree Center Ave., NE, Suite 120
Atlanta, GA  30303
(678) 992-1201